1

2

3

4

5

6

7

8                           **UNITED STATES DISTRICT COURT**

9                          **EASTERN DISTRICT OF CALIFORNIA**

10

11   BAKERSFIELD PIPE & SUPPLY,              )   Case No.: 1:14-cv-01445 JLT
                                             )
12              Plaintiff,                   )   ORDER DENYING DEFENDANT'S MOTION TO
                                             )   DISMSS
13       v.                                  )
                                             )   (Doc. 11)
14   CORNERSTONE VALVE, LLC, et al.,         )
                                             )
15              Defendants.                  )
                                             )
16   ─────────────────────────────────────

17       In the summer of 2013, Plaintiff agreed to sell to Cornerstone, "pipes, valves, fittings and

18   industrial supplies." (Doc. 1-1 at 7)  These products were custom made for Cornerstone who agreed

19   that the purchase "may not be cancelled unless cancellation precedes the in-process manufacture of the

20   item." Id.  Nevertheless, when the items were delivered in May 2014, Cornerstone failed to accept the

21   delivery and did not pay for it.  Id. at 8.

22       Cornerstone is located in Houston, Texas and it seeks to dismiss the matter for improper venue.

23   (Doc. 11)  In support of this motion, Defendant provides a declaration from Nitesh Gupta, the President

24   of Cornerstone.  (Doc. 11-2 at 1)  Gupta attests that neither he nor any of his employees dealt with

25   anyone in California and that all of their contacts have been with Plaintiff's dba, Paladon, which is also

26   located in Houston.  Id.

27       In opposition to the motion, Plaintiff provides a contract related to the underlying sales and

28   finance agreement in which Cornerstone, through its Controller and its Director of Operations, agreed

                                              1

1    that the transaction occurred in Kern County, in the State of California.  (Doc. 13-2 at 4)

2    At the hearing, Cornerstone's counsel requested the Court treat the motion as a Rule 56 motion

3    to allow the it to consider the evidence submitted it support and in opposition and Plaintiff agreed as

4    well. For the reasons set forth below, Defendant's motion is **DENIED**.

5    **I.     Factual and Procedural History**

6    Plaintiff has its principal place of business in Bakersfield, California.  (Doc. 1-1 at 6)

7    However, it operates a business under the fictitious business name, Paladon Americas.  Id.  Plaintiff

8    has a contractual relationship with Paladon Systems Limited, which is located in the United Kingdom.

9    (Doc. 13-1 at 2)  Under its fictitious business name, Plaintiff also operates Paladon Americas, which is

10    located in Houston, Texas. Id. at 2.

11    In July 2013, Cornerstone, which is located in Houston (Doc. 11-1 at 2), contracted with

12    Paladon Americas to purchase "Paladon actuators."  (Doc. 13-1 at 2)  To accomplish this purchase,

13    Plaintiff granted Cornerstone's application for $2,000,000 in credit.  Id.  The application for credit was

14    signed by Cornerstone's Controller, Randall Merritt, and the Director of Operations, Tom Thompson.

15    Id.; Doc. 13-3 at 2-3.  All of the actions to evaluate the credit application and the approval process

16    were conducted by Plaintiff's employees located in Bakersfield, California.  Doc. 13-1 at 2.  During

17    the credit application process, Paladon Americas' General Manager, Bob Smith[1], advised Mr.

18    Thompson that the credit evaluation process would occur via the "parent company," Bakersfield Pipe

19    & Supply.  Id.; Doc. 134 at 2) This e-mail implied to Mr. Thompson that any credit that would be

20    extended would be provided by BPS when Smith informed Thompson that the contact related to the

21    credit application could be made at http://www.bakersfieldpipe.com/contact-us/**bps-credit-**

22    **application**/. (Doc. 13-4 at 2, emphasis added.)

23    Notably, all of the quote documents were issued by Paladon Americas on its letterhead noting

24    the Houston address.  (Doc. 11-1 at 5-9)  However, the credit application bore Bakersfield Pipe &

25    Supply, Inc.'s letterhead and indicated that it serviced a number of locations.  (Doc. 13-2 at 1)

26    Likewise, it required that the application be returned to Bakersfield Pipe and Supply.  Id. at 3. The

27

28    [1] Smith also notified that "Paladon Americas is a standalone entity," though exactly what he meant by this is unclear in light of the fact that he refers to BPS as "my parent company."  (Doc. 13-4 at 2)

1  application noted, "By signing below the undersigned Acknowledges and Accepts Bakersfield Pipe

2  And Supply, Inc. Terms And Conditions attached on page three:" Id. at 3.  The application was signed

3  just below this statement by Mr. Merritt and Mr. Thompson.  Id.

4       Importantly, the terms and conditions read,

5       1. The Terms And Conditions set forth herein are for the sale of any product or
        equipment by Bakersfield Pipe And Supply Inc. and all its Subsidiaries and affiliates
6       (collectively, "Sellor") . . .

7       [¶¶]

8       4. California Law shall govern this Agreement notwithstanding any choice of law rule
        to the contrary. Undersigned agrees that this Agreement is entered into in Kern County,
9       State of California . . .

10  (Doc. 13-2 at 4)  The "Terms and Conditions" also provided the agreements of the parties as to the

11  sale of the items. Id.  In particular, as noted above, the agreement precluded cancellation of the sale

12  once the manufacturing process began.  Id.

13       This matter was initiated in the Kern County Superior Court for breach of contract when, as

14  Plaintiff alleges, Cornerstone failed to accept delivery of the items ordered and failed to pay for them.

15  (Doc. 1-1 at 8)  Cornerstone removed the matter to this Court on September 12, 2014.  (Doc. 1)  In

16  doing so, Cornerstone took the position that venue is improper because "defendant is domiciled in

17  Texas, and all of the transactions took place in Texas." Id. at 2.  Also Cornerstone asserted, "There

18  were no transactions that took place in California, so there is no reason why this case should be in any

19  court of the State of California.  Plaintiff's dba, Paladon Americas, has offices in Houston, Texas.  It

20  was with this office that defendant had dealings with [sic]." Id.  Likewise, Cornerstone urged that the

21  case "be transferred to the Houston Division of the Southern District of the U.S. District Court in

22  Texas as that is where the defendant resides, that is where all of the events regarding the underlying

23  claim took place, and that is where the one and sole defendant in this matter is subject to personal

24  jurisdiction." Id. at 5.

25       In its current motion, Cornerstone uses the identical language and the identical declaration filed

26  by Mr. Gupta, Cornerstone's President, to assert that venue is improper in this District.  Doc. 11; Doc

27  11-2. Notably, however, Mr. Gupta fails to address the credit application in which Cornerstone agreed

28  that the transaction occurred in Kern County, California.   Likewise, despite the opposition which

1    pointed out this agreement, Cornerstone did not file a reply or explain why, despite this agreement, in

2    continues to urge that venue is improper.

3    **II.      Venue is determined by § 1441**

4           In a case removed from state court, venue is proper in the district where the action was

5    pending.  28 U.S.C. § 1441.   Cornerstone provides no analysis of this section and, instead, seems to

6    take the position that section 1391 applies[2]; it does not.  Polizzi v. Cowles Magazines, Inc., 345 U.S.

7    663, 665 (1953) ["The venue of removed actions is governed by 28 U.S.C.  [ ] § 1441(a), 28 U.S.C.A.

8    § 1441(a) . . ."]  Here, section 1441 makes clear that the venue of an action removed from the Kern

9    County Superior Court is the Eastern District of California.  Thus, venue is proper and the motion

10   must be **DENIED**.

11          Even if the motion was evaluated under section 1391, it still fails.  Without dispute, venue is

12   proper where "a substantial part of the events or omissions giving rise to the claim occurred."  As

13   pointed out, the parties agreed that the agreement was entered into in Kern County, California.[3]  Thus,

14   in essence, this term constitutes a permissive forum selection clause.[4]  Cornerstone does not argue that

15   the clause is unenforceable, that it should not be enforced for public policy reasons or that there was

16   fraud, overreaching or undue influence in the making of the contract; indeed, Cornerstone ignores the

17   clause entirely.

18          Courts are uniform that a forum selection clause are presumptively valid and it is the party

19   seeking to avoid the clause which bears the "heavy burden" of demonstrating that it should not be

20   enforced.  M/S Bremen v. Zapata Off–Shore Co., 407 U.S. 1, 17 (1972).  Because Cornerstone has

21   failed to argue that the clause is unenforceable, the motion fails.

22          Moreover, on its face, there is no indication that the forum selection clause is unenforceable.

23   The language of the clause appears unambiguous.  Also, there is no indication that Cornerstone

24

25   [2] As noted by Plaintiff, Cornerstone does not move the Court to change venue based upon inconvenience.  28 U.S.C. 1404.
     [3] Even without considering the evidence submitted by Plaintiff, the motion would fail.  The complaint adequately pleads
26   that the events occurred in Kern County. The allegation reads, "The agreement between the Plaintiff and the Defendants
     was entered into and was to be performed in the County of Kern, State of California . . . (Doc. 1-1 at 6)  This is not a legal
27   conclusion but, rather, is a factual allegation.
     [4] The suggestion that the Court lacks personal jurisdiction over Cornerstone despite it entering into a contract which admits
28   that the transaction occurred in Kern County, California, is unsupported. *See* Dole Food Co., Inc. v. Watts, et al., 303 F.3d
     1104, 1111 (9th Cir. 2002).

1    disagreed with the term.  To the contrary, it affirmatively agreed that, "Undersigned agrees that this

2    Agreement is entered into in Kern County, State of California."  Likewise, there is no showing that

3    requiring the filing in Texas law provides Cornerstone any benefit except for locale.  Thus,

4    Cornerstone has failed to meet its burden in demonstrating that the venue is improper and the motion

5    to dismiss is **DENIED**.

6

7    IT IS SO ORDERED.

8        Dated:    **December 30, 2014**                    **/s/ Jennifer L. Thurston**

9                                                    UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28