UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAKERSFIELD PIPE & SUPPLY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CORNERSTONE VALVE, LLC, et al.,<br><br>　　　　Defendants. | Case No.: 1:14-cv-01445 JLT<br><br>ORDER GRANTING IN PART STIPULATION TO AMEND THE SCHEDULING ORDER<br><br>(Doc. 19) |

　　On March 27, 2015, the parties filed a stipulation in which they seek to extend the deadline by which amended pleadings and dispositive motions may be filed.  (Doc. 19)  Counsel for Plaintiff explains that the need to extend the pleading amendment deadline is due to the discovery of possible additional theories of liability but that the viability of these theories cannot be determined until further discovery is completed.  (Doc. 18-1 at 2)  However, there is no explanation provided regarding why the dispositive motion deadlines need to be amended.  Id.

　　Once entered by a court, a scheduling order "controls the course of the action unless the court modifies it."  Fed. R. Civ. P. 16(d).  Scheduling orders are "not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril."  Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir. 1992) (quoting Gestetner Corp. v. Case Equip. Co., 108 F.R.D. 138, 141 (D. Maine 1985)).  Moreover, good cause must be shown for modification of the scheduling order. Fed. R. Civ. P. 16(b)(4); Johnson, 975 F.2d at 609. Indeed, the scheduling order

reminded counsel of this requirement.  (Doc. 17 at 6 ["**Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested**."] emphasis in the original.)

Because counsel have failed to demonstrate good cause to justify amendment of the case schedule related to the dispositive motions (Johnson, 975 F.2d at 609), the stipulation is **GRANTED in PART** and **DENIED in PART** as follows:

1. Any amendment to any pleading **SHALL** be filed either via a stipulation or a motion to amend no later than **May 29, 2015**;

2. The request to amend the schedule as it relates to dispositive motions[1] is **DENIED** without prejudice.

IT IS SO ORDERED.

Dated:   **April 8, 2015**                          **/s/ Jennifer L. Thurston**
                                              UNITED STATES MAGISTRATE JUDGE

---

[1] If counsel choose to again seek modification of this deadline, they should be aware that the requested modification may very well mean that a determination on dispositive motions may not be issued before the pretrial conference.