UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAKERSFIELD PIPE & SUPPLY, Inc.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CORNERSTONE VALVE, LLC, et al.,<br><br>　　　　　Defendants. | Case No.: 1:14-cv-01445- JLT<br><br>ORDER VACATING THE HEARING DATE OF MAY 29, 2015<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO FILE AN AMENDED COMPLAINT (Doc. 21) |

　　　　Plaintiff alleges it entered into agreements to sell pipes, valves, fittings, and industrial supplies to Cornerstone Valve, LLC.  When the items were delivered, Plaintiff alleges Cornerstone did not accept the shipment.  Plaintiff reports that in the course of discovery, documents were produced that indicated Nitesh Gupta, the owner of Cornerstone, made misrepresentations related to the financial strength of his company, the viability of the project for which the supplies were purchased, and Cornerstone's customers. Therefore, Plaintiff seeks leave to amend the complaint pursuant to Rule 15 of the Federal Rules of Procedure to add a deceit/concealment claim for relief and to name Gupta as a defendant.  (Doc. 21.)

　　　　Defendant has not filed an opposition.  Having reviewed the motion and supporting documents, the Court finds the matter suitable for decision without oral arguments pursuant to Local Rule 230(g). Accordingly, the hearing date of May 29, 2015 is **VACATED**.  For the reasons set forth below, Plaintiff's motion for leave to amend is **GRANTED**.

# I. Legal Standards

Under Fed. R. Civ. P. 15(a), a party may amend a pleading once as a matter of course within 21 days of service, or if the pleading is one to which a response is required, 21 days after service of a motion under Rule 12(b), (e), or (f). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Here, Defendant filed an Answer on September 22, 2014. (Doc. 7.) Therefore, Plaintiff requires either consent of Defendant or leave of the Court to file an amended complaint.

Granting or denying leave to amend a complaint is in the discretion of the Court, *Swanson v. United States Forest Service*, 87 F.3d 339, 343 (9th Cir. 1996), though leave should be "freely give[n] when justice so requires." Fed. R. Civ. P. 15(a)(2). "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). Thus, the policy to grant leave to amend is applied with extreme liberality. *Id.* There is no abuse of discretion "in denying a motion to amend where the movant presents no new facts but only new theories and provides no satisfactory explanation for his failure to fully develop his contentions originally." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995); *see also Allen v. City of Beverly Hills*, 911 F.2d 367, 374 (9th Cir. 1990).

# II. Discussion and Analysis

In evaluating a motion to amend under Rule 15, the Court may consider (1) whether the plaintiff has previously amended the complaint, (2) undue delay, (3) bad faith, (4) futility of amendment, and (5) prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Loehr v. Ventura County Community College Dist.*, 743 F.2d 1310, 1319 (9th Cir. 1984). These factors are not of equal weight as prejudice to the opposing party has long been held to be the most critical factor to determine whether to grant leave to amend. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003); *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990).

### A. Prior amendments

The Court's discretion to deny an amendment is "particularly broad" where a plaintiff has previously amended her complaint. *Allen*, 911 F.2d at 373; *Fidelity Fin. Corp. v. Fed. Home Loan*

*Bank*, 79 F.3d 1432, 1438 (9th Cir. 1986). Here, Plaintiff has not previously amended the complaint. Thus, this factor does not weigh against amendment.

### B.  Undue delay

By itself, undue delay is insufficient to prevent the Court from granting leave to amend pleadings. *Howey v. United States*, 481 F.2d 1187, 1191(9th Cir. 1973); *DCD Programs v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1986). Evaluating undue delay, the Court considers "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990); *see also Eminence Capital*, 316 F.3d at 1052. Further, the Court should examine whether "permitting an amendment would … produce an undue delay in the litigation." *Id.* at 1387. Here, Plaintiff requested amendment prior to the deadline imposed by the Court. (*See* Doc. 20.) Thus, this factor does not weigh against granting Plaintiff's motion to amend.

### C.  Bad faith

There is no evidence that Plaintiff has acted in bad faith in seeking to file an amended complaint to raise an additional cause of action and identify a new defendant. Thus, this factor does not weigh against an amendment.

### D.  Futility of amendment

"Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin*, 59 F.3d at 845; *see also Miller v. Rykoff-Sexton*, 845 F.2d 209, 214 (9th Cir. 1988) ("A motion for leave to amend may be denied if it appears to be futile or legally insufficient"). "To determine whether the proposed amendment is futile, the Court should evaluate whether the facts alleged would be sufficient to withstand a motion to dismiss pursuant to Rule 12(b)(6). *See Townsend v. University of Alaska*, 543 F.3d 478, 486 n.6 (9th Cir. 2008) (noting that the "basis for futility is more accurately characterized as a failure to state a claim for relief").

In the amendment, Plaintiff seeks to add a third cause of action for deceit and concealment and seeks to add Nitesh K. Gupta as a defendant. (Doc. 21 at 5, 7-10) Toward this end, Plaintiff claims that it and Gupta, though his company, Cornerstone, were in a contractual relationship. (*Id.*) Plaintiff claims that Gupta made certain representations to Plaintiff knowing the statements were untrue to

entice Plaintiff into the contractual relationship and order the products at issue in the contract to be manufactured and to cause Plaintiff to forego requiring a personal guarantee from Gupta to pay for the products. (*Id*.) Plaintiff alleges that it relied upon the false statements and, as a result, it suffered damages. (*Id*.)

Concealment may be proven in several ways including that the defendant intentionally concealed facts from the plaintiff, with whom the defendant was in a financial relationship, and that this was a substantial factor in causing the plaintiff harm. Judicial Council Of California Civil Jury Instruction 1901. An intentional misrepresentation is demonstrated when the defendant represented a fact to be true knowing it was false or represented the fact to be true in reckless disregard for its truth, that the defendant intended the plaintiff to rely upon the representation and that the false representation was a substantial factor in causing the plaintiff's harm. Judicial Council Of California Civil Jury Instruction 1900. While the factual allegations in the proposed amended complaint are not tied closely to the specific elements of the torts, the Court does not find the amendment would be futile. (*See* Doc. 21 at 4-10.) Therefore, this factor does not weigh against granting leave to amend.

E.     Prejudice to the opposing party

Generally, the most critical factor in determining whether to grant leave to amend is prejudice to the opposing party. *Eminence Capital*, 316 F.3d at 1052 ("Prejudice is the touchstone of the inquiry under rule 15(a)") (internal quotes omitted). The burden of showing prejudice is on the party opposing an amendment to the complaint. *DCD Programs*, 833 F.2d at 187. There is a presumption under Rule 15(a) in favor of granting leave to amend where prejudice is not shown. *Eminence Capital*, 316 F.3d at 1052. Because Defendant does not oppose motion to amend, this factor does not weigh against amendment.

### III.     Conclusion and Order

Based upon the foregoing, the factors set forth by the Ninth Circuit weigh in favor of allowing Plaintiff to file the Amended Complaint. *See Madeja*, 310 F.3d at 636. Therefore, the Court is acting within its discretion in granting the motion to amend. *See Swanson*, 87 F.3d at 343.

Accordingly, **IT IS HEREBY ORDERED**:

1.     The hearing date of May 29, 2015 is **VACATED**;

2. Plaintiff's motion to amend (Doc. 21) is **GRANTED**; and

3. Plaintiff SHALL file the amended complaint within three days of the date of service of this Order.

IT IS SO ORDERED.

Dated: **May 27, 2015**    /s/ Jennifer L. Thurston
UNITED STATES MAGISTRATE JUDGE