# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAKERSFIELD PIPE & SUPPLY, INC., <br><br> Plaintiff, <br><br> v. <br><br> CORNERSTONE VALVE, LLC, et al., <br><br> Defendants. | Case No.: 1:14-cv-01445 - JLT <br><br> ORDER VACATING THE HEARING DATE OF JULY 27, 2015 <br><br> ORDER DENYING DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S CLAIM FOR PUNITIVE DAMAGES (Doc. 27) |

Defendant Cornerstone Valve, LLC, seeks to strike the prayer for punitive damages made by Plaintiff Bakersfield Pipe & Supply, Inc., pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. (Doc. 27) Plaintiff filed an opposition on July 13, 2015 (Doc. 28), to which Defendant filed a reply on July 21, 2015 (Doc. 30). The Court has reviewed the arguments of the parties and finds the matter suitable for decision without oral argument. Accordingly, pursuant to Local Rule 230(g), the motion is taken under submission and the hearing set for July 27, 2015 is **VACATED**.

Because, as explained below, a motion under Rule 12(f) is not a proper method by which to strike a claim for punitive damages, Defendant's motion is **DENIED**.

**I.    Background**

Plaintiff initiated this action by filing a complaint in Kern County Superior Court on July 26, 2014. (Doc. 1) Defendant filed a Notice of Removal on September 12, 2014, thereby initiating the matter in this Court. (*Id.*) Plaintiff filed a First Amended Complaint on May 29, 2015, asserting three

claims for relief: (1) breach of contract, (2) common count, and (3) deceit and concealment. (Doc. 23) In addition, Plaintiff included a request for punitive damages in the prayer for relief. (*Id.* at 7)

Defendant filed the motion to strike now pending before the Court on June 25, 2015, arguing "[t]his is a claim for breach of contract, and punitive damages are not allowed in breach of contract cases;" and Plaintiff fails to make "the requisite showing of malice, oppression and fraud on the part of any defendant to warrant a claim for punitive damages." (Doc. 27 at 2)

## II.     Legal Standards

Pursuant to Rule 12(f), a district court "may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A "redundant" matter is comprised "of allegations that constitute a needless repetition of other averments or which are foreign to the issue to be denied." *Wilkerson v. Butler*, 229 F.R.D. 166, 170 (E.D. Cal. 2005). An immaterial matter "has no essential or important relationship to the claim for relief or the defenses being pleaded," while an "[i]mpertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds* (quoting 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1382, at 706-07, 711 (1990)).

The purpose of a Rule 12(f) motion "is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). Generally, motions to strike affirmative defenses "are disfavored and infrequently granted." *Neveau v. City of Fresno*, 392 F. Supp. 2d 1159, 1170 (E.D. Cal. 2005).

## III.    Discussion and Analysis

Defendant argues the allegation that "[t]he representation and concealments are willful, fraudulent, malicious and oppressive and justify the imposition of punitive damages" and Plaintiff's prayer for punitive damages should be stricken pursuant to Rule 12(f). (Doc. 27 at 3-4) Significantly, however, the Ninth Circuit has opined a Rule 12(f) motion is not the proper method by which to strike a claim for punitive damages. *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974 (9th Cir. 2010). In *Whittlestone*, the district court struck the plaintiff's claims for lost profits and consequential

damages, and the Ninth Circuit examined "whether Rule 12(f) authorizes the district court to strike such matter at all." *Id.* at 973. Finding Rule 12(f) did not empower the court to strike the claims for damages, the Ninth Circuit explained:

> Were we to read Rule 12(f) in a manner that allowed litigants to use it as a means to dismiss some or all of a pleading ... we would be creating redundancies within the Federal Rules of Civil Procedure, because a Rule 12(b)(6) motion (or a motion for summary judgment at a later stage in the proceedings) already serves such a purpose ... We therefore hold that Rule 12(f) does not authorize district courts to strike claims for damages on the ground that such claims are precluded as a matter of law.

*Id.* at 974-75. Further, the Court observed the plaintiff's claims for damages were not encompassed within the categories of matters that may be stricken pursuant to Rule 12(f), and could not be considered immaterial "because whether these damages are recoverable relates directly to the plaintiff's underlying claim for relief." *Id.* at 974.

Moreover, here, the claim for punitive damages relates to Plaintiff's claim for deceit and concealment. Defendants fail to show the allegation that "[t]he representation and concealments are willful, fraudulent, malicious and oppressive and justify the imposition of punitive damages" falls under one of the categories of material that may be stricken under Rule 12(f). *See Fed. R. Civ. P.* 12(f) (material may be stricken under Rule 12(f) only when it is "redundant, immaterial, impertinent or scandalous matter" or "an insufficient defense"); *see also Estate of Prasad ex rel. Prasad v. Cnty. of Sutter,* 958 F. Supp. 2d 1101, 1128 (E.D. Cal. 2013) (denying the defendant's motion to strike the plaintiff's prayer for punitive damages because such claim for damages satisfies none of the five categories of material that may be stricken under Rule 12(f)).

**IV.    Conclusion and Order**

Because a motion under Rule 12(f) is not a proper method by which to strike a claim for punitive damages, Defendant's motion is **DENIED**.

IT IS SO ORDERED.

Dated:   **July 23, 2015**                          **/s/ Jennifer L. Thurston**
                                                                   UNITED STATES MAGISTRATE JUDGE

3