UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAKERSFIELD PIPE & SUPPLY, <br><br>Plaintiff, <br><br>v. <br><br>CORNERSTONE VALVE, LLC, et al., <br><br>Defendants. | Case No.: 1:14-cv-01445 JLT <br><br>ORDER GRANTING IN PART STIPULATION TO AMEND THE SCHEDULING ORDER AND PRELIMINARY PRETRIAL ORDER <br><br>(Doc. 39) |

On January 20, 2016, the parties filed a stipulation in which they seek to extend all remaining case deadlines due to the unavailability of Plaintiff's counsel. (Doc. 39) However, due to the insufficient time proposed between the pretrial conference and the trial date, Counsel will be required to complete certain activities in advance of the pretrial conference, as detailed below.

**ORDER**

1. The stipulation to amend the case schedule is **GRANTED** as follows:

   A. All discovery related to experts **SHALL** be completed no later than **April 8, 2016**;

   B. Any non-dispositive motion **SHALL** be filed no later than **April 22, 2016** and heard no later than **May 20, 2016**;

   C. Any dispositive motion **SHALL** be filed no later than **May 13, 2016** and heard no later than **June 20, 2016**;

1

      D.      The pretrial conference is continued to **July 1, 2016** at 10:00 a.m.;

    2.      The parties **SHALL** exchange exhibit lists and witness lists no later than **June 3, 2016. No other exhibits will be permitted to be used and no other witnesses will be permitted to testify absent a showing that manifest injustice would otherwise result.** Fed. R. Civ. P. 16(e); Local Rule 281(b)(10);

    3.      On or before **June 17, 2016**, counsel **SHALL** meet and confer to discuss any disputes related to identified exhibits and witnesses and to pre-mark and examining each other's exhibits;

      a.      At the exhibit conference, counsel will determine whether there are objections to the admission of each of the exhibits and will prepare separate indexes; one listing joint exhibits, one listing Plaintiff's exhibits and one listing Defendant's exhibits. In advance of the conference, counsel must have a complete set of their proposed exhibits in order to be able to fully discuss whether evidentiary objections exist. <u>Thus, any exhibit not previously provided in discovery **SHALL** be provided at least five court days in advance of the exhibit conference;</u>

      b.      At the conference, counsel shall identify any duplicate exhibits, i.e., any document which both sides desire to introduce into evidence. These exhibits **SHALL** be marked as a joint exhibit and numbered as directed above. Joint exhibits **SHALL** be admitted into without further foundation.

      All Joint exhibits will be pre-marked with numbers preceded by the designation "JT" (e.g. JT/1, JT/2, etc.). Plaintiff's exhibits will be pre-marked with numbers beginning with 1 by the designation PX (e.g. PX1, PX2, etc.). Defendant's exhibits will be pre-marked with numbers beginning with 501 preceded by the designation DX (e.g. DX501, DX502, etc.). The Parties SHALL number each page of any exhibit exceeding one page in length (e.g. PX1-1, PX1-2, PX1-3, etc.).

      If originals of exhibits are unavailable, the parties may substitute legible copies. If any document is offered which is not fully legible, the Court may exclude it from evidence.

      Each joint exhibit binder shall contain an index which is placed in the binder before the exhibits. The index shall consist of a column for the exhibit number, one for a description of the exhibit and one column entitled "Admitted in Evidence" (as shown in the example below).

///

**INDEX OF EXHIBITS**

| EXHIBIT# | DESCRIPTION | ADMITTED IN EVIDENCE |
|---|---|---|

c. As to any exhibit which is not a joint exhibit but to which there is no objection to its introduction, the exhibit will likewise be appropriately marked, i.e., as PX1, or as DX501 and will be indexed as such on the index of the offering party. Such exhibits will be admitted upon introduction and motion of the party, without further foundation;

d. Each exhibit binder shall contain an index which is placed in the binder before the exhibits. Each index shall consist of the exhibit number, the description of the exhibit and the three columns as shown in the example below:

**INDEX OF EXHIBITS**

| EXHIBIT# | DESCRIPTION | ADMITTED IN EVIDENCE | OBJECTION FOUNDATION | OTHER OBJECTION |
|---|---|---|---|---|

e. On the index, as to exhibits to which the only objection is a lack of foundation, counsel will place a mark under the column heading entitled "Admissible but for Foundation;"

f. On the index, as to exhibits to which there are objections to admissibility that are not based solely on a lack of foundation, counsel will place a mark under the column heading entitled "Other Objections;"

After the exhibit conference, Plaintiff and counsel for the defendants **SHALL** develop four complete, legible sets of exhibits. The parties **SHALL** deliver three sets of their exhibit binders to the Courtroom Clerk and provide one set to their opponent, no later than 4:00 p.m., on **July 15, 2016.** Counsel **SHALL** determine which of them will also provide three sets of the joint exhibits to the Courtroom Clerk;

g. The Parties **SHALL** number each page of any exhibit exceeding one page in length;

4. The parties may file motions in limine. The purpose of a motion in limine is to establish in advance of the trial that certain evidence should not be offered at trial. "Although the Federal Rules of Evidence do not explicitly authorize in limine rulings, the practice has developed

pursuant to the district court's inherent authority to manage the course of trials." <u>Luce v. United States</u>, 469 U.S. 38, 40 n. 2 (1984); <u>Jonasson v. Lutheran Child and Family Services</u>, 115 F. 3d 436, 440 (7th Cir. 1997).  The Court will grant a motion in limine, and thereby bar use of the evidence in question, only if the moving party establishes that the evidence clearly is not admissible for any valid purpose.  <u>Id</u>.

      a.    In advance of filing any motion in limine, counsel **SHALL** meet and confer to determine whether they can resolve any disputes and avoid filing motions in limine.  Along with their motions in limine, the parties **SHALL** file a certification demonstrating counsel have in good faith met and conferred and attempted to resolve the dispute.  Failure to provide the certification may result in the Court refusing to entertain the motion;

      b.    Any motions in limine must be filed with the Court by **June 13, 2016**.  The motion must clearly identify the nature of the evidence that the moving party seeks to prohibit the other side from offering at trial. Any opposition to the motion must be served on the other party, and filed with the Court by **June 27, 2016**. The Court sets a hearing on the motions in limine on **July 5, 2016**, at 3:30 p.m.  Appearances via Courtcall are authorized.  The parties are reminded they may still object to the introduction of evidence during trial;

5.    The parties **SHALL** serve, via e-mail or fax, their proposed jury instructions in accordance with Local Rule 163 and their proposed verdict form no later than **June 24, 2016**. The parties shall conduct a conference to address their proposed jury instructions and verdict form no later than on or before **July 8, 2016**.  At the conference, the parties **SHALL** attempt to reach agreement on jury instructions and verdict form for use at trial. The parties shall file all agreed-upon jury instructions and verdict form no later than on or before **July 8, 2016**, and identify such as the agreed-upon jury instructions and verdict forms. At the same time, the parties **SHALL** lodge via e-mail a copy of the joint jury instructions and joint verdict form (in Word format) to JLTOrders@caed.uscourts.gov.

      a.    If and only if, the parties after genuine, reasonable and good faith effort cannot agree upon certain specific jury instructions and verdict form, the parties shall file their respective proposed (disputed) jury instructions and proposed (disputed) verdict form no later than on or before

**July 8, 2016**, and identify such as the disputed jury instructions and verdict forms.  At the same time, the parties **SHALL** lodge via e-mail, a copy of his/their own (disputed) jury instructions and proposed (disputed) verdict form (in Word format) to JLTOrders@caed.uscourts.gov.

        c.      In selecting proposed instructions, the parties shall use Ninth Circuit Model Civil Jury Instructions or California's CACI instructions to the extent possible.  All jury instructions and verdict forms shall indicate the party submitting the instruction or verdict form (i.e., joint, plaintiff's, defendant's, etc.), the number of the proposed instruction in sequence, a brief title for the instruction describing the subject matter, the complete text of the instruction, and the legal authority supporting the instruction.  Each instruction **SHALL** be numbered.

**<u>Absolutely no further amendments to the case schedule will be considered absent a showing of extraordinary good cause.  Failure to comply with this order may result in the Court imposing sanctions.</u>**

IT IS SO ORDERED.

Dated:   **January 21, 2016**                    **/s/ Jennifer L. Thurston**
                                                    UNITED STATES MAGISTRATE JUDGE