UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAKERSFIELD PIPE & SUPPLY, INC., <br><br> Plaintiff, <br><br> v. <br><br> CORNERSTONE VALVE, LLC, et al., <br><br> Defendants. | Case No.: 1:14-cv-01445 - JLT <br><br> ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS AND FURTHER RESPONSES TO INTERROGATORIES BY DEFENDANT NITESH GUPTA <br><br> (Doc. 47) |

Bakersfield Pipe & Supply, Inc. asserts Cornerstone Valve and Nitesh Gupta, the owner and president of Cornerstone, are liable for deceit and concealment, and for breaching a purchase order. (Doc. 23)  Plaintiff seeks to compel discovery related to Gupta's financial status.  (Doc. 47)  Because the financial information is relevant to Plaintiff's claim for punitive damages, as discussed below, Plaintiff's motion to compel is **GRANTED**.

**I.     Background**

The operative pleading claims that the defendants fraudulently induced the plaintiff into entering into a contract through deceit and concealment. (Doc. 23 at 4-7) The plaintiff seeks punitive damages on this claim. *Id*. at 6, 7.  Defendants have resisted discovery into their financial statuses because, they claim, punitive damages are not awardable in this action.  In this motion, the plaintiff seeks to compel responses to discovery into this topic.

///

## II. Scope of Discovery and Requests

The scope and limitations of discovery are set forth by the Federal Rules of Civil Procedure and Evidence. Rule 26(b) provides:

> Unless otherwise limited by court order, parties may obtain discovery regarding any nonprivileged manner that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things. . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the accident. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Further, relevancy is interpreted "broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 427 U.S. 340, 351 (1978).

### A. Interrogatories

A party may propound interrogatories relating to any matter that may be inquired to under Rule 26(b). Fed. R. Civ. P. 33(a). A responding party is obligated to respond to the fullest extent possible, and any objections must be stated with specificity. Fed. R. Civ. P. 33(b)(3)-(4). In general, a responding party is not required "to conduct extensive research in order to answer an interrogatory, but a reasonable effort to respond must be made." *Haney v. Saldana*, 2010 U.S. Dist. LEXIS 93447, at *9 (E.D. Cal. Aug. 24, 2010) (citing *L.H. v. Schwarzenegger*, 2007 U.S. Dist. LEXIS 73753 (E.D. Cal. Sep. 21, 2007)). Further, the responding party must supplement a response he later obtains the information sought or discovers the previous response requires correction. Fed. R. Civ. P. 26(e)(1)(A).

### B. Requests for Production of Documents

A party may request documents "in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1). Similarly, a party may serve a request "to permit entry onto designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property . . ." Fed. R. Civ. P. 34(a)(2). A request is adequate if it describes items with "reasonable particularity;" specifies a reasonable time,

place, and manner for the inspection; and specifies the form or forms in which electronic information can be produced. Fed. R. Civ. P. 34(b). Thus, a request is sufficiently clear if it "places the party upon 'reasonable notice of what is called for and what is not.'" *Kidwiler v. Progressive Paloverde Ins. Co.*, 192 F.R.D. 193, 202 (N.D. W. Va. 2000) (quoting *Parsons v. Jefferson-Pilot Corp.*, 141 F.R.D. 408, 412 (M.D.N.C. 1992)); *see also* Schwarzer, Tashima & Wagstaffe, *California Practice Guide: Federal Civil Procedure Before Trial* (Rev. #1 2011) Discovery, para. 11:1886 ("the apparent test is whether a respondent of average intelligence would know what items to produce").

The responding party must respond in writing and is obliged to produce all specified relevant and non-privileged documents, tangible things, or electronically stored information in its "possession, custody, or control" on the date specified. Fed. R. Civ. P. 34(a). Actual possession, custody or control is not required. "A party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity who is in possession of the document." *Soto v. City of Concord*, 162 F.R.D. 603, 620 (N.D. Cal. 1995). Such documents include documents under the control of the party's attorney. *Meeks v. Parson*, 2009 WL 3303718 (E.D. Cal. Sept. 18, 2009) (involving a subpoena to the CDCR); *Axler v. Scientific Ecology Group, Inc.*, 196 F.R.D. 210, 212 (D. Mass. 2000) (a "party must produce otherwise discoverable documents that are in his attorneys' possession, custody or control"). In the alternative, a party may state an objection to a request, including the reasons. Fed. R. Civ. P. 34(b)(2)(A)-(B).

If a party "fails to respond that inspection will be permitted - or fails to permit inspection - as requested under Rule 34," the propounding party may make a motion to compel production of the documents. Fed. R. Civ. P. 37(a)(3)(B)(iv). Further, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P. 37(a)(4). A moving party has the burden of demonstrating "actual and substantial prejudice" from the denial of discovery. *Hallet v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002)).

### III.   Discussion and Analysis

In this action, the disputed discovery requests related to Nitesh Gupta's financial information. Specifically, in its Request for Production No. 1, Plaintiff requested Gupta produce "[a]ll documents sufficient to show [his] net worth," including:

    a. bank statements, money market statements, bond accounts, and other investment accounts as of July 31, 2015, and August 31, 2015;

    b. a listing of all rental income receivable as of July 31, 2015, and August 31, 2015;

    c. copies of all mortgage loan balance statements for all investment and personal real estate properties as of August 31, 2015;

    d. copies of home owner's insurance policies for all investment and personal real estate properties as of August 31, 2015;

    e. documentation and valuation of all life insurance policies and annuities that carry a "cash-in" or redemption value as of July 31, 2015;

    f. estimated value of all household goods, including furniture, equipment, clothing, firearms, and collectibles owned and the approximate value as of August 31, 2015, as to an item with a value of at least $500;

    g. listing of all personal motor vehicles required to be licensed by the Texas Department of Motor Vehicles and owned or leased as of August 31, 2015, including year, make, and model;

    h. listing of all other personal property, including boats, ATVs, and trailers as of August 31, 2015;

    i. copies of individual 2014 Federal Individual Income Tax Return, including all applicable attached schedules;

    j. copies of all other tax returns for any entities controlled by YOU for 2014, including but not limited to Eii Valve Company, Eii AVSCO FZCO, Cornerstone Valve, LLC, Well Head Component, Inc. dba AVSCO, Mg Valve Company, Inc. Gupta Management Co., LLC, Inc.;

    k. documents demonstrating how YOU determined the amount of quarterly taxes due and the documents upon which YOU relied to estimate the amount of quarterly taxes due and documents demonstrating YOUR proof of payment of these taxes;

    l. listing of outstanding accounts payable as of July 31, 2015, and August 31, 2015;

    m. copies of all credit card balance statements as of July 31, 2015, and August 31, 2015 for each credit card which reflected a debt of at least $500; and

    n. copies of applications for loans during the past year.

(Doc. 56 at 9-10) Defendant objected to the Request, asserting it was "[o]verbroad and does not seek discovery that is within the realm of that which is likely to lead to the discovery of relevant evidence." (*Id.* at 10) In addition, Defendant argues it invaded his "right to privacy." (*Id.*)

Similarly, the contested interrogatories sought information regarding Gupta's assets and financial condition:

    <u>INTERROGATORY NO. 1</u>:
    Please describe or otherwise IDENTIFY each of YOUR assets (whether owned solely

by YOU or partly by YOU) with a value of $500 or more. Describe each asset in detail, including but not limited to: the type of asset; the value of the asset, including rental or interest income; the physical location of the asset; and any other persons or entities having an ownership interest in the assets.

INTERROGATORY NO. 2:
Please describe or otherwise IDENTIFY YOUR ordinary expenses. For each expense identify: the type of expense, the name of the company or person generating the expense, the amount of the expense, the frequency of the expense, and the method used to pay the expense. If an ordinary expense ranges in amount, state the range of the amount of the expense since January 1, 2015.

INTERROGATORY NO. 3:

Please describe or otherwise IDENTIFY any expense, other than an ordinary expense, of $500 or more that YOU incurred since January 1, 2015. For each expense, describe the type of expense, IDENTIFY of the PERSON generating the expense, the amount of the expense, and the method used to pay for the expense. This interrogatory calls for all expenses of $500 or more, incurred since January 1, 2015, that were not included in your response to interrogatory #2

INTERROGATORY NO. 4:

Please describe or otherwise IDENTIFY all gifts or loans, including cash gifts or loans, worth over $500 that you have given any person since January 1, 2015. For each gift or loan, state whether the transaction was a gift or a loan, the recipient of the gift or loan, the type of gift or loan, the value of the gift or loan, the location where the gift was purchased (if applicable), the method used to pay for the gift or loan, the date you gave the gift or loan, any documents that relate to the gift or loan, and, if a loan, the terms of the loan including the dates you received or expect to receive repayment.

(*See* Doc. 56 at 13-16)  Defendant objected to each of these interrogatories, asserting the information requested was "[o]verbroad," "outside the scope of what is permitted, and invades [his] right to privacy." (*Id.*)  In addition, Defendant objected the interrogatories were "[i]mmaterial and not reasonably calculated to lead to the discovery of admissible evidence." (*Id.*)  Instead, he argued the "discovery [was] meant for no other reason than to harass and annoy..." (*Id.*)

**A.     Defendant's financial information is within the scope of discovery.**

Defendant objects on relevancy grounds, arguing punitive damages may not be awarded "since this is a breach of contract action." (Doc. 56 at 5, emphasis omitted)  However, when, as here a party asserts a fraudulent inducement to a contract, punitive damages may be awarded if the tort is independent of the breach of contract. *See Walker v. Signal Companies, Inc.*, 84 Cal.App.3d 982, 996 (Ct. App. 1978) (holding punitive damages may be "awarded where a defendant fraudulently induces the plaintiff to enter into a contract); *see also Copart, Inc. v. Sparta Consulting, Inc.*, 2015 WL

5

3622618, at *12 (E.D. Cal. June 9, 2015) (finding punitive damages may be sought where the tort liability is independent of the breach of contract). Consequently, punitive damages may be awarded in this action.

Previously, this Court determined that a defendant's "financial information is relevant" where a plaintiff states a claim for punitive damages. *EEOC v. Cal. Psych. Transitions*, 258 F.R.D. 391, 394-95 (E.D. Cal. 2009) (citing *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 267 (1981) (observing that evidence of a defendant's financial worth is traditionally admissible under federal law to evaluate the amount of punitive damages that should be awarded)); *see also Fair Hous. Council of Cent. Cal., Inc. v. Nunez*, 2011 U.S. Dist. LEXIS 127389, at *5-6 (E.D. Cal. Nov. 3, 2011) ("financial information is relevant to [a] plaintiff's claim for punitive damages and within the scope of permissible discovery").

Although the Ninth Circuit has not established "the parameters of the dissemination of financial information during discovery when punitive damages are alleged," a majority of federal courts do not require the plaintiff to demonstrate punitive damages will be recovered "to discover information relating to the defendant's financial condition in advance of trial." *Cal. Psych. Transitions*, 258 F.R.D. at 394-95. Rather, "a majority of federal courts permit discovery of financial information about the defendant without requiring [the] plaintiff to establish a *prima facie* case on the issue of damages." *CEH, Inc.*, 153 F.R.D. at 498 (citing, *e.g.*, *Fretz v. Keltner*, 109 F.R.D. 303, 310-11 (D.Kan. 1986); *Baker v. CNA Ins. Co.*, 123 F.R.D. 322, 329-30 (D.Mont. 1988); *In re Bergeson*, 112 F.R.D. 692, 696 (D.Mont. 1986); *St. Joseph Hospital v. INA Underwriters Ins. Co.*, 117 F.R.D. 24, 25-26 (D.Me. 1987); *Renshaw v. Ravert*, 82 F.R.D. 361, 363 (E.D.Pa. 1979); *American Ben. Life Ins. Co. v. Ille*, 87 F.R.D. 540, 542 (W.D.Okla. 1978)). Because "[t]he discovery of financial information [is] relevant to a putative damages claim," it is permissible under the Federal Rules of Civil Procedure without a prima facie showing by Plaintiff.[1] *Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D. 281, 286 (C.D. Cal. 1998).

**B.   Defendant's right to privacy does not preclude disclosure of financial information.**

Defendant argues that state law protects his right to privacy, "and federal courts have generally recognized state law privacy concerns in federal cases." (Doc. 56 at 6, citing *Johnson v. Thompson*,

---

[1] Even if the Court were to require a prima facie showing by Plaintiff, this obligation is clearly satisfied, as Plaintiff successfully opposed summary adjudication of its claims for deceit and concealment, as well as for punitive damages. (*See* Doc. 78 at 24-26)

6

971 F.2d 1487, 1497 (10th Cir. 1992)).  Previously, this Court found the right to privacy under California law "extends to financial privacy in litigation, but…is subject to balancing the needs of the litigation with the sensitivity of the information/ records sought."  *Davis v. Leal*, 43 F. Supp. 2d 1102, 1110 (E.D. Cal. 1999) (quoting *Valley Bank of Nevada v. Superior Court*, 15 Cal. 3d 652, 657 (1975)).  Consequently, the right to privacy is not an "absolute bar to discovery," and "may be subject to invasion."  *Cal. Psychiatric Transitions*, 258 F.R.D. at 395.  Notably, a party's interest in the confidentiality of financial information may be adequately addressed via a protected order.  *Oakes*, 179 F.R.D. at 284; *Hill v. Nat'l Collegiate Athletic Assn.*, 7 Cal. 4th 1, 38 (1994) (privacy concerns "are assuaged if intrusion is limited and confidential information is carefully shielded from disclosure except to those who have a legitimate need to know").

Because Defendant's concerns regarding privacy may be addressed by protective order, the objections on privacy grounds are **OVERRULED**. *See Cal. Psychiatric Transitions*, 258 F.R.D. at 395

### V.     Conclusion and Order

Defendant Gupta's financial information is relevant to Plaintiff's claim for punitive damages, and is within the scope of discovery pursuant to the Federal Rules of Civil Procedure.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's motion to compel discovery is **GRANTED**;
2. No later than **July 1, 2016**, counsel **SHALL** file a joint, proposed protective order addressing the maintaining the confidentiality of the financial records at issue;
3. Defendant **SHALL** produce any documents responsive to Request for Production, No. 1 and respond to Interrogatories Nos. 1 through 4 **within five court days** after the Court issues the protective order.

IT IS SO ORDERED.

Dated:   **June 28, 2016**               **/s/ Jennifer L. Thurston**
                                          UNITED STATES MAGISTRATE JUDGE